# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### JS - 6



### O

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2382 ABC (JCx) (KC052372) | | Date | June 9, 2008 |
|---|---|---|---|---|
| Title | Mary S. Richardt v. The SP100 Partnership, et al. | | | |

| Present: The Honorable | Audrey B. Collins | |
|---|---|---|
| Daphne Alex | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**   MOTION FOR REMAND OF CASE TO STATE COURT (In Chambers)

On February 25, 2008, Plaintiff filed the instant action in the Superior Court of the State of California for the County of Los Angeles, where it was deemed related to another case already (and still) pending in that court. Plaintiff's complaint set forth only state law causes of action, and identified Plaintiff as a resident of Palm Springs, California. She named as defendants a partnership, a trust, and various of the associated trustees and partners of the two named entities and related associations; the named trust defendant is identified in the caption of the complaint as "a California unincorporated business entity." Nonetheless, on April 10, 2008, Defendant Michael Brooker filed a Notice of Removal in this Court. On May 9, 2008, Plaintiff filed a motion to remand the case to state court, arguing both that the removal was procedurally improper, and that this Court lacked subject matter jurisdiction over the case; she also requested sanctions and costs. Defendant opposed the motion on June 2, 2008; Plaintiff filed her reply on June 5, 2008. The Court finds the motion appropriate for determination without oral argument and hereby VACATES the hearing date of June 16, 2008. See Fed. R. Civ. P. 78(b); Local Rule 7-15. After consideration of the materials submitted by the parties and the case file, the Court hereby DENIES Plaintiff's motion insofar as it requests costs and sanctions, but GRANTS Plaintiff's motion to remand the case to state court.

A state civil action is removable to federal court only if it might have been brought originally in federal court. 28 U.S.C. § 1441; California ex rel. Lockyer v. Dynergy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). This "original jurisdiction" may be based, as the removing defendant here asserts, on diversity of the parties. 28 U.S.C. § 1332. However, the removal statute is strictly construed against removal. Dynergy, 375 F.3d at 838; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Where there is any doubt as to the right of removal, that doubt must be resolved against the existence of removal jurisdiction. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); Gaus, 980 F.2d at 566. Thus, if at any time before final judgment it appears that the district court lacks subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6



### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2382 ABC (JCx) (KC052372) | Date | June 9, 2008 |
|---|---|---|---|

| Title | Mary S. Richardt v. The SP100 Partnership, et al. |
|---|---|

matter jurisdiction, the case must be remanded to state court.  28 U.S.C. § 1447(c); Dynergy, 375 F.3d at 838;  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).

This does not mean that removal cannot be effected unless diversity is apparent on the face of the complaint; a defendant can present additional jurisdictional facts in his notice of removal, and relevant "summary-judgment-type evidence" in opposition to a motion to remand.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson, 319 F.3d at 1090.  However, the removing defendant bears the burden of proving the existence of jurisdictional facts.  Dynergy, 375 F.3d at 838; Gaus, 980 F.2d at 566.  Conclusory allegations are insufficient; he must prove, by a preponderance of the evidence, that the necessary jurisdictional facts exist.  Valdez, 372 F.3d at 1117; Matheson, 319 F.3d at 1090-91. Further, jurisdiction must exist both at the time the complaint was filed in state court, and at the time of removal.  Strotek Corp. v. Air Transport Ass'n, 300 F.3d 1129, 1131 (9th Cir. 2002).

Here, Plaintiff's argument that diversity jurisdiction does not exist hinges primarily on the citizenship of Defendant Michael D. Brooker, who is named as:  (1) an individual; (2) a general partner of named defendant The SP100 Partnership; (3) Trustee of the Montauk Trust, which appears to be another general partner of named defendant The SP100 Partnership; and (4) a "member" of named defendant The Airslie Operating Trust.  According to Declarations signed by Plaintiff, her daughter (a former fiancée and business associate of Brooker), two of Plaintiff's attorneys, and a licensed California process server, there is strong evidence to suggest that Brooker has long been a resident, and most likely a citizen, of California.  Most tellingly, Plaintiff has provided Brooker's November 13, 2007 responses to interrogatories propounded in the related case still pending in California state court, in which Brooker represented that his only residence address for the previous five years was in Huntington Beach, California, that his current employer was a business with a Pomona, California address, and that he could be reached through an address in Covina, California.  (Declaration of Audrey Powers ("Powers Decl."), Ex. B, at 3-4.)  Further, when asked whether he had a driver's license, and if so to identify the number, date of issuance, and issuing agency, he responded only that he had an International Driver's License, through the Republic of India.

Collectively, the evidence submitted by Plaintiff is sufficient to create a presumption that at least as of November 13, 2007, Brooker was domiciled in, and thus a citizen of, California.  Of course, it would not be that difficult to overcome such a presumption, if in fact Brooker had subsequently changed his domicile.  He could have moved to another state, with the intent to remain there, sometime after November 13, 2007, but before this case was filed on February 25, 2008, and not much evidence would have been necessary to convince the Court that he had relocated.  Such a change of domicile by Brooker prior to the commencement of the case would probably have been sufficient to defeat Plaintiff's current

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6



**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2382 ABC (JCx) (KC052372) | Date | June 9, 2008 |
|---|---|---|---|

| Title | Mary S. Richardt v. The SP100 Partnership, et al. |
|---|---|

showing on the question of diversity.[1]

Brooker does not claim, though, to have relocated, or changed his domicile, since November 13, 2007. He now claims that he is a citizen of Nevada, and has been a citizen of Nevada, with a residence there, for some years. In his declaration, he provides what he claims is his current address in Las Vegas, where he claims to have leased a condominium since 2003. (Declaration of Michael Brooker, June 2, 2008 ("Brooker Decl."), at ¶ 3.) He also claims to have had at least two previous residence addresses in Las Vegas, dating back to at least 2001, when he "moved to Nevada with the intent of making it [his] domicile." (Id. at ¶¶ 2, 3, 6.) Further, he claims that he has had a Nevada driver's license since late 2003/early 2004. He also asserts that he uses his Nevada residence address on his federal tax returns, is registered to vote in Nevada, and serves as "a managing director for an engineering business in Nevada." (Id. at ¶¶ 5-7.)

However convincing these statements in his Declaration might otherwise have been, they lose much of their persuasiveness in the face of his previous admissions in state court. Either Brooker is being deliberately false now, or he deliberately provided false -- or at least extremely misleading -- information in the previous case. If he did in fact have a Nevada residence address, employment, and driver's license in November 2007, he seems to have gone out of his way to conceal those facts in his interrogatory responses. His current assertion that the Huntington Beach address he previously claimed as his only residence address for the last five years was that of a "business associate" with whom he stayed when he happened to be in California, and "used as a local address," is not consistent with his discovery responses.

Nonetheless, Brooker could still have made a showing that, his disregard of his discovery obligations in the other California state court case aside, he has been domiciled in Nevada since 2001. The rather vague statements in his Declaration, however, are not sufficient to do so on their own. Although Brooker acknowledges in his opposition that he has the burden of establishing jurisdiction, and that his own declaration is not conclusive on the issue, his half-hearted attempt to provide other supporting evidence is entirely unpersuasive. Besides his Declaration, the only evidence he offers is: (1) a copy of one utility bill in his name for his Las Vegas address, covering a period entirely after the complaint in this case had already been filed; and (2) a copy of half (or perhaps two-thirds) of what may be a Nevada driver's license (only the "DA" is visible of what appears to be the word "NEVADA," as part of the license appears to have been deliberately covered up by a piece of paper when photocopied), with no visible issuance date and an illegible expiration date (which might be "07-20-2006," but then again, might not). Of course, a gas bill for the month in which he removed the case says little about

---

[1]Although a change of domicile after the commencement of the case in state court, but before removal, would not have helped. Strotek, 300 F.3d at 1131.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### JS - 6



### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2382 ABC (JCx) (KC052372) | Date | June 9, 2008 |
|---|---|---|---|
| Title | Mary S. Richardt v. The SP100 Partnership, et al. | | |

what his citizenship was at the time the complaint was originally filed.  Brooker's decision to deliberately obscure part of the one document that may be relevant to proving that this Court has jurisdiction over the case provides a basis to question its veracity.

If Brooker really has maintained a residence in Nevada for the last seven years, paid taxes there, voted there, incurred expenses there, etc., it should not have been difficult for him to provide more documentation of his existence there than half of a basically illegible and possibly expired driver's license, and his current gas bill at the time of removal.  Especially in light of his contradictory statements in previous litigation, the lackluster effort Defendant has offered here simply cannot meet his burden of showing that diversity jurisdiction exists in this case.

Although the Court considered imposing sanctions here, such awards should not be made as a matter of course.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006).  Defendant may in fact have been acting in bad faith in removing this case, but the Court cannot make that finding on the record currently before it.

Accordingly, Plaintiff's motion for costs and sanctions is hereby DENIED.  However, because the removing defendant has failed to establish that this Court has subject matter jurisdiction, Plaintiff's motion to remand is hereby GRANTED, and this matter is REMANDED to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    DA